**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ANGELA SMITH,<br>       Plaintiff,<br>  v.<br>MONTEREY MUSHROOMS, LLC,<br>       Defendant. | Case No. 25-cv-08213-BLF |
| GREGORY HANLEY,<br>       Plaintiff,<br>  v.<br>MONTEREY MUSHROOMS, LLC,<br>       Defendant. | Case No. 25-cv-08237-BLF |
| CLARA SHERMAN,<br>       Plaintiff,<br>  v.<br>MONTEREY MUSHROOMS, LLC,<br>       Defendant. | Case No. 25-cv-08407-BLF<br><br>**ORDER CONSOLIDATING RELATED CASES AND APPOINTING INTERIM CO-LEAD CLASS COUNSEL**<br><br>[Re: 25-cv-08213 ECF Nos. 19, 20] |

On October 7, 2025, the Court issued an order to show cause why Case No. 25-cv-08213-BLF (*Smith v. Monterey Mushrooms, LLC*), Case No. 25-cv-08237-BLF (*Hanley v. Monterey Mushrooms, LLC*), and Case No. 25-cv-08407-BLF (*Sherman v. Monterey Mushrooms, LLC*) should not be consolidated into the first-filed action, *Smith v. Monterey Mushrooms, LLC*. 25-cv-08213 ECF No. 19. Plaintiffs in each of the three related cases jointly filed a Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel. *See* 25-cv-08213 ECF No. 20 ("Mot."). Defendant has not submitted any opposition to the Motion or response to the Order to

Show Cause.  For the reasons that follow, the Court GRANTS the motion, CONSOLIDATES the three cases, and APPOINTS interim co-lead class counsel.

## I.   CASE CONSOLIDATION

### A.   Legal Standard

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a)(2).  District courts have "broad discretion under [Rule 42(a)] to consolidate cases pending in the same district."  *Invs. Rsch. Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice."  *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *1 (N.D. Cal. Apr. 28, 2016) (internal quotation marks omitted) (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010)).

### B.   Discussion

Counsel in the *Smith*, *Hanley*, and *Sherman* actions jointly move to consolidate the related cases because it will "promote the interests of judicial efficiency" and "reduce duplicity" in the litigation because the cases "involve common issues of fact and law."  Mot. at 6–8.

The Court agrees with Plaintiffs.  The *Smith*, *Hanley*, and *Sherman* cases present similar factual and legal issues.  They involve the same subject matter and are based on the same alleged wrongful conduct.  *Compare Smith* ECF No. 1 ("*Smith* Compl."), *with Hanley* ECF No. 1 ("*Hanley* Compl."), *and Sherman* ECF No. 1 ("*Sherman* Compl.").  Each case is a putative class action asserting claims against Defendant Monterey Mushrooms, LLC ("Monterey" or "Defendant") arising from a cyberattack and compromise of Plaintiffs' personal information.  Each of the cases brings class claims against Monterey related to an August 2025 data breach.  *See Smith* Compl. ¶ 29; *Hanley* Compl. ¶ 2; *Sherman* Compl. ¶ 2.  Smith, Hanley, and Sherman allege that class members' sensitive personally identifiable information ("PII") was compromised by the data breach and that Monterey failed to adequately protect class members' PII.  *See Smith* Compl. ¶¶ 28–39; *Hanley* Compl. ¶¶ 31–46; *Sherman* Compl. ¶¶ 27–48.  Each case defines a class of people whose PII was exposed or compromised by the data breach.  *Smith* Compl. ¶ 105; *Hanley*

2

1  Compl. ¶ 22; *Sherman* Compl. ¶ 104. The cases bring overlapping causes of action, including
2  negligence and breach of implied contract, and for the same declaratory and injunctive relief.
3  Although the cases also bring causes of action that do not overlap, they are based on the same
4  subject matter and alleged wrongful conduct, define substantially similar classes, and bring
5  substantially similar claims. Accordingly, the Court finds that the same discovery and class
6  certification issues will be relevant to all three actions. Thus, consolidation will conserve judicial
7  resources and reduce the time and cost of trying the cases separately. As such, the Court finds that
8  consolidation is appropriate and will consolidate *Smith*, *Hanley*, and *Sherman*.

## II. APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

### A. Legal Standard

Federal Rule of Civil Procedure 23(g)(3) provides that District Courts may "designate interim counsel to act on behalf of the putative class before determining whether to move for class certification." Fed. R. Civ. P. 26(g)(3). "Courts considering the appointment of interim counsel weigh the factors outlined in Rule 23(g)(1)." *Olosoni v. HRB Tax Grp., Inc.*, No. 19-cv-03610-SK, 2019 WL 7576680, at *5 (N.D. Cal. Nov. 5, 2019). These factors include "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Moreover, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The appointment of interim class counsel is discretionary. *Nazemian v. NVIDIA Corp.*, No. 24-cv-01454-JST, 2025 WL 2259005, at *1 (N.D. Cal. Aug. 17, 2025).

### B. Discussion

Plaintiffs jointly request that Scott Edelsberg of Edelsberg Law and Scott Edward Cole of Cole & Van Note be appointed interim co-lead counsel. Mot. at 8–15. Plaintiffs argue that the Rule 23(g)(1) factors support this appointment. *Id.* They emphasize that Edelsberg Law and Cole & Van Note, consistent with Rule 23(g)(1)(A), have engaged in "substantial work" of value to the

3

1  Classes, including investigation, legal research, communication with putative class members, and
2  coordination with Defense Counsel. *Id.* at 9. Edelsberg Law and Cole & Van Note have
3  demonstrated experience litigating complex class actions and knowledge of the applicable law. *Id.*
4  at 10–14; *see also* Mot. Ex. A, Edelsberg Law, P.A. Firm Resume; Mot. Ex. B., Cole & Van Note
5  Firm Resume. Plaintiffs also explain that Edelsberg Law and Cole & Van Note are prepared to
6  commit the requisite resources for effective representation in this action. Mot. at 14–15.

Under the Rule 23(g)(1) factors and after considering all the circumstances, the Court finds it appropriate to appoint Mr. Edelsberg of Edelsberg Law and Mr. Cole of Cole & Van Note as interim co-lead counsel. *See Imran v. Vital Pharms., Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019) ("Indeed, courts have recognized that the typical situation requiring appointment of interim class counsel is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court." (internal quotation marks omitted) (*quoting In re Nest Labs Litig.*, No. 14-cv-01363-BLF, 2014 WL 12878556, at *1 (N.D. Cal. Aug. 18, 2014)))

### III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Pursuant to Fed. R. Civ. P. 42(a), the above-captioned actions (*Smith v. Monterey Mushrooms, LLC*, No. 25-cv-08213-BLF, *Hanley v. Monterey Mushrooms, LLC*, No. 25-cv-08237-BLF, and *Sherman v. Monterey Mushrooms, LLC*, No. 25-cv-08407-BLF) are CONSOLIDATED for all purposes.

2. The consolidated action will be *Smith v. Monterey Mushrooms, LLC*, and all future filings will be filed in No. 25-cv-08213. The Clerk of the Court SHALL administratively close Case No. 25-cv-08237-BLF and Case No. 25-cv-08407-BLF.

3. Counsel for Smith, Hanley, and Sherman SHALL file a Consolidated Class Action Complaint on or before **November 24, 2025**.

4. The Court ADOPTS the language proposed by Plaintiffs in connection with the responsibilities of Interim Co-Lead Class Counsel (25-cv-08213 ECF No. 20-3).

a. The Court hereby appoints Scott Edelsberg of Edelsberg Law ("Edelsberg") and Scott Edward Cole of Cole Van Note ("Cole Van Note") as Interim Co-Lead Class Counsel to act on behalf of the Plaintiffs and the class members in the Consolidated Action, with the responsibilities set forth below:

  i. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the putative Class on all matters arising during pretrial proceedings;

  ii. Coordinate the initiation and conduct of discovery on behalf of the putative Class consistent with the requirements of California law and the local rules of this Court;

  iii. Convene meetings amongst counsel;

  iv. Conduct settlement negotiations on behalf of the putative Class;

  v. Delegate tasks to other plaintiffs' counsel as needed and appropriate in a manner to ensure that pretrial preparation is conducted efficiently and effectively;

  vi. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

  vii. Monitor the activities of all counsel to ensure that schedules and litigation deadlines are being met and unnecessary expenditures of time and funds are avoided;

  viii. Ensure that all counsel comport with the billing and expense protocol being used by the leadership team and that will be submitted to the Court for approval;

  ix. Perform such other duties as may be incidental to the proper coordination of pretrial activities or authorized by further order of this Court;

      x. Serve as the primary contact for communications between the Court and other counsel;

      xi. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on counsel via the Court's electronic filing system);

      xii. Communicate with defense counsel as necessary to promote the efficient advancement of this litigation;

      xiii. Allocate and apportion any Court awarded attorneys' fees, costs, and expenses; and

      xiv. Perform all other duties or tasks as are necessary to the prosecution of this matter on behalf of the putative Class.

b. Any additional plaintiffs' counsel will do all work in this litigation only at the direction of Interim Co-Lead Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Class Counsel and no other Plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Co-Lead Class Counsel.

c. Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

d. Interim Co-Lead Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in any related action to the extent that Interim Co-Lead Class Counsel are aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently be consolidated with the above actions but who have not yet registered for ECF.

**IT IS SO ORDERED.**

Dated: October 23, 2025

_____
BETH LABSON FREEMAN
United States District Judge